IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JAMES GIBSON, | § | |
| | § | |
| Defendant Below, | § | No. 397, 2018 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1707009620 |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: December 26, 2018
Decided: December 27, 2018

Before **VALIHURA, SEITZ**, and **TRAYNOR**, Justices.

# **O R D E R**

After consideration of the no-merit brief and motion to withdraw filed by the appellant's counsel under Supreme Court Rule 26(c), the State's response, and the Superior Court record, it appears to the Court that:

(1)    In September 2017, the appellant, James Gibson, was indicted on charges of Assault Second Degree, Robbery Second Degree, and Indecent Exposure Second Degree. In January 2018, Gibson pleaded guilty to the assault and robbery charges. In exchange for Gibson's guilty plea, the State entered a *nolle prossequi* on the indecent exposure charge.

(2)    In July 2018, following a presentence investigation, the Superior Court sentenced Gibson as follows: for Assault Second Degree, twenty years at Level 5

incarceration, as a habitual offender; for Robbery Second Degree, five years at Level 5 incarceration, suspended for two years at Level 4, suspended after six months at Level 4 for eighteen months' supervision at Level 3. This is Gibson's direct appeal.

(3) Gibson's counsel has filed a brief and a motion to withdraw under Supreme Court Rule 26(c). Gibson's counsel asserts that, based upon a complete and careful review of the record, there are no arguably appealable issues. In his statement filed under Rule 26(c), counsel indicates that he informed Gibson of the provisions of Rule 26(c) and provided him with a copy of the motion to withdraw and the accompanying brief. Counsel also informed Gibson of his right to submit points he wanted this Court to consider on appeal. Gibson has not submitted any points for the Court's consideration. The State has responded to the Rule 26(c) brief and argues that the Superior Court's judgment should be affirmed.

(4) When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), this Court must be satisfied that the appellant's counsel has made a conscientious examination of the record and the law for arguable claims.[1] This Court must also conduct its own review of the record and determine "whether the

---

[1] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S.738, 744 (1967).

appeal is indeed so frivolous that it may be decided without an adversary presentation."[2]

(5)    The Court has reviewed the record carefully and concluded that Gibson's appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that counsel made a conscientious effort to examine the record and the law and properly determined that Gibson could not raise a meritorious claim on appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:


*/s/ Gary F. Traynor*
Justice

---

[2] *Penson*, 488 U.S. at 81.